FILED
United States Court of Appeals
Tenth Circuit

March 16, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DONOVAN GENE MERCER,

     Defendant - Appellant.

No. 19-6147
(D.C. Nos. 5:17-CV-00207-M &
5:14-CR-00280-PRW-1)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **PHILLIPS**, **MURPHY,** and **McHUGH**, Circuit Judges.

This matter is before the court on Donovan Mercer's counseled request for a certificate of appealability ("COA"). He seeks a COA so he can appeal the denial of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing no appeal is allowed from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because he has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** Mercer's request for a COA and **dismisses** this appeal.

Following a jury trial, Mercer was convicted of three counts of accessing or attempting to access a computer disk that contained child pornography, in

violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). *United States v. Mercer*, 772 F. App'x 631, 633 (10th Cir. 2019) (*Mercer II*); *United States v. Mercer*, 653 F. App'x 622, 624-25 (10th Cir. 2016) (*Mercer I*). This court affirmed Mercer's convictions on direct appeal. *Mercer I*, 653 F. App'x at 631. Mercer then filed the instant § 2255 motion raising multiple claims. The district court denied relief. *Mercer II*, 772 F. App'x at 632-33. On appeal, this court granted Mercer a COA on two claims:

> (1) the prosecution submitted false evidence in Government Exhibit 401 (GE 401), a summary exhibit listing the dates and times of downloads of files containing child pornography onto Mr. Mercer's computer, and (2) his trial counsel acted ineffectively in failing to show him discovery from the government and in failing to pursue an alibi defense. These claims stem from Mr. Mercer's contention that GE 401 incorrectly identified the times of the downloads.

*Id.* at 633. We then remanded these claims to the district court to conduct an evidentiary hearing and resolve factual questions involving the accuracy of GE 401. *Id.* at 634-35, 637. On remand, after holding an evidentiary hearing, the district court found, as a matter of fact, that the information set out in GE 401 was accurate. Because the evidence in GE 401 was not false, the district court concluded (1) the government's introduction of GE 401 at trial did not violate Mercer's constitutional rights, and (2) Mercer's counsel did not provide ineffective assistance by failing to work with Mercer to advance at trial an alibi defense.

Mercer seeks a COA so he can appeal the district court's resolution of his claims relating to GE 401. The granting of a COA is a jurisdictional prerequisite to Mercer's appeal from the denial of his § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, Mercer must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). In evaluating whether he has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although he need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Mercer's counseled combined application for COA and opening brief, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Mercer is not entitled to a COA. The correctness of the district court's factual findings, especially viewed under the highly deferential "clearly

erroneous standard,"[1] is not reasonably subject to debate. Mercer's assertion he preserved challenges to "numerous evidentiary errors affecting the district court's" findings despite his failure to make contemporary objections is completely without merit. *See* Appellant's Combined Application for COA and Amended Br. at 22. In support of the assertion he preserved for review evidentiary errors on the part of the district court, Mercer cites to a brief passage from the transcript at the close of the evidentiary hearing. *Id.* The identified passage, however, cannot reasonably be construed as any kind of evidentiary-based challenge to the testimony of the government's witnesses. *See* App. Vol. II, at 34. And Mercer's assertion the district court plainly erred in admitting and considering the government's evidence is sufficiently lacking in merit so as to not be deserving of further proceedings.

Because Mercer has not made a substantial showing of the denial of a constitutional right, he is not entitled to a COA. Accordingly his request for a COA is **DENIED** and this appeal is **DISMISSED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1]*See United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (holding that the clear error standard applies to a district court's factual findings in § 2255 proceedings).